IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Criminal No. 15-198 |
| v. | ) |
| | ) |
| ANDREY GHINKUL | ) UNDER SEAL |
|   a/k/a "Andrei Ghincul" | ) |
|   a/k/a "Smilex" | ) |

### INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, David J. Hickton, United States Attorney for the Western District of Pennsylvania, and Mary McKeen Houghton and Margaret E. Picking, Assistant United States Attorneys for said District, and submits this Indictment Memorandum to the Court:

### I.  THE INDICTMENT

A Federal Grand Jury returned a nine-count Indictment against the above-named defendant for alleged violations of federal law:

| COUNTS | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Conspiracy<br>In and around November 2011-present | 18 U.S.C. § 371 |
| 2 | Wire Fraud<br>On or about November 8, 2011 – December 16, 2011 | 18 U.S.C.<br>§§ 1343 and 2 |
| 3 | Unauthorized Computer Access<br>With Intent to Defraud<br>On or about November 8, 2011 – December 16, 2011 | 18 U.S.C.<br>§§ 1030(a)(4),<br>1030(c)(3)(A) and 2 |

1

| 4 | Damaging a Computer<br>On or about December 8, 2011 -<br>December 16, 2011 | 18 U.S.C.<br>§§ 1030(a)(5)(A),<br>1030(c)(4)(B)(i)<br>and 2 |
|---|---|---|
| 5 | Unauthorized Computer Access<br>With Intent to Defraud<br>On or about August 31, 2012 -<br>September 4, 2012 | 18 U.S.C.<br>§§ 1030(a)(4),<br>1030(c)(3)(A)<br>and 2 |
| 6 | Damaging a Computer<br>On or about August 31, 2012 | 18 U.S.C.<br>§§ 1030(a)(5)(A),<br>1030(c)(4)(B)(i)<br>and 2 |
| 7 | Attempted Bank Fraud<br>On or about December 16, 2011 | 18 U.S.C. §§ 1344<br>and 2 |
| 8 | Bank Fraud<br>On or about August 31, 2012 | 18 U.S.C. §§ 1344<br>and 2 |
| 9 | Bank Fraud<br>On or about September 4, 2012 | 18 U.S.C. §§ 1344<br>and 2 |

## II. ELEMENTS OF THE OFFENSES

**A. As to Count 1: Conspiracy (18 U.S.C. § 371):**

In order for the crime of Conspiracy, in violation of 18 U.S.C. § 371, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That two or more persons agreed to commit the offenses against the United States, as charged in the indictment;

2. That the defendant was a party to or member of that agreement;

3. That the defendant joined the agreement or conspiracy knowing of its objectives to commit offenses against the United States and intending to join together with at least one other alleged conspirator to achieve those objectives; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve common goals or objectives, to commit offenses against the United States; and

4. That at some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objectives of the agreement.

<u>Third Circuit Model Criminal Jury Instruction</u> 6.18.371A.

**B. As to Count 2: Wire Fraud (18 U.S.C. §§ 1343 and 2):**

In order for the crime of Wire Fraud, in violation of 18 U.S.C. §§ 1343 and 2, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant devised a scheme to defraud or to obtain money or property by materially false or fraudulent pretenses, representations or promises or willfully participated in such a scheme with knowledge of its fraudulent nature;

3

   2. That the defendant acted with the intent to defraud; and

   3. That in advancing, furthering, or carrying out the scheme, the defendant transmitted any writing, signal, or sound by means of a wire, radio, or television communication in interstate commerce or caused the transmission of any writing, signal, or sound of some kind by means of a wire, radio, or television communication in interstate commerce.

   <u>Third Circuit Model Criminal Jury Instruction 6.18.1343</u>.

   C. As to Counts 3 and 5: Unauthorized Computer Access with Intent to Defraud (18 U.S.C. §§ 1030(a)(4), 1030(c)(3)(A) and 2:

   In order for the crime of Unauthorized Computer Access, in violation of 18 U.S.C. §§ 1030(a)(4),1030(c)(2)(B) and 2, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

   1. That the defendant accessed a protected computer;

   2. That the defendant did so without authorization or in excess of authorization;

   3. That the defendant acted knowingly and with the intent to defraud; and

   4. That by means of the defendant's conduct, he furthered the intended fraud and obtained anything of value.

18 U.S.C. §§ 1030(a)(4),
1030(c)(3)(A) and 2.

**D.   As to Counts 4 and 6: Damaging a Computer (18 U.S.C. §§ 1030(a)(5)(A), 1030(c)(4)(B)(i) and 2:**

In order for the crime of Damaging a Computer, in violation of 18 U.S.C. §§ 1030(a)(5)(A), 1030(c)(4)(B)(i) and 2, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.   That the defendant knowingly caused the transmission of a program, information or command;

2.   That, as a result of such transmission, the defendant intentionally caused damage to a protected computer without authorization; and

3.   That the actions of the defendant resulted in losses to one or more persons, totaling at least $5,000.00 in value at any time during a one-year period.

18 U.S.C. §§ 1030(a)(5)(A),
1030(c)(4)(B)(i) and 2.

**E.   As to Counts 7, 8 and 9: Bank Fraud (18 U.S.C. §§ 1344 and 2:**

In order for the crime of Bank Fraud, in violation of 18 U.S.C. §§ 1344 and 2, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant knowing executed, and attempted to execute, a scheme or artifice to defraud a financial institution or knowingly executed a scheme to obtain the money, funds or other property owned by or under the control of a financial institution by means of material false or fraudulent pretenses, representations or promises as detailed in the indictment;

2. That the defendant did so with the intent to defraud the financial institution; and

3. That the financial institution was then insured by the Federal Deposit Insurance Corporation or chartered by the United States.

<u>Third Circuit Model Criminal Jury Instruction</u> 6.18.1344.

### III. **PENALTIES**

**A. As to Count 1: Conspiracy (18 U.S.C. § 371):**

The maximum penalties for individuals are:

(1) Imprisonment of not more than 5 years (18 U.S.C. § 371);

(2) A fine not more than the greater of;

    (a) $250,000 (18 U.S.C. § 3571(b)(3));

<u>or</u>

(b) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

(3) A term of supervised release of not more than three (3) years (18 U.S.C. § 3583);

(4) Any or all of the above.

**B. As to Count 2: Wire Fraud (18 U.S.C. §§ 1343 and 2):**

The maximum penalties for individuals are:

(1) If the violation affects a financial institution, imprisonment of not more than thirty (30) years; otherwise, imprisonment of not more than 20 years (18 U.S.C. § 1343);

(2) A fine not more than the greater of:

(a) $250,000 (18 U.S.C. § 3571(b)(3));

(b) If the violation affects a financial institution, a fine of $1,000,000 (18 U.S.C. § 1343);

or

(c) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the

defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

    (3) A term of supervised release of not more than three (3) years or, if the violation affects a financial institution, of not more than five (5) years (18 U.S.C. §§ 3559, 3583);

    (4) Any or all of the above.

    C. **As to Counts 3 and 5: Unauthorized Computer Access with Intent to Defraud (18 U.S.C. §§ 1030(a)(4), 1030(c)(3)(A) and 2):**

The maximum penalties for individuals are:

    (1) Imprisonment of not more than 5 years (18 U.S.C. § 1030(c)(2)(B));

    (2) A fine not more than the greater of:

        (a) $250,000 (18 U.S.C. § 3571(b)(3));

        or

        (b) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

8

(3) A term of supervised release of not more than three (3) years (18 U.S.C. § 3583);

(4) Any or all of the above.

D. **As to Counts 4 and 6: Damaging a Computer (18 U.S.C. §§ 1030(a)(5)(A), 1030(c)(4)(B)(i) and 2):**

The maximum penalties for individuals are:

(1) Imprisonment of not more than 10 years (18 U.S.C. § 1030(c)(4)(B)(i));

(2) A fine not more than the greater of;

(a) $250,000 (18 U.S.C. § 3571(b)(3));

or

(b) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

(3) A term of supervised release of not more than three (3) years (18 U.S.C. § 3583);

(4) Any or all of the above.

E. **As to Counts 7, 8 and 9: Bank Fraud (18 U.S.C. §§ 1344 and 2):**

The maximum penalties for individuals are:

9

    (1) Imprisonment of not more than 30 years (18 U.S.C. § 1344);

    (2) A fine not more than the greater of:

     (a) $1,000,000 (18 U.S.C. § 1343);

        or

     (b) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

    (3) A term of supervised release of not more than five (5) years (18 U.S.C. § 3583);

    (4) Any or all of the above.

### IV. MANDATORY SPECIAL ASSESSMENT

  A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

### V. RESTITUTION

  Restitution may be required in this case as to Counts One through Nine together with any authorized penalty, as part

10

of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

## VI. FORFEITURE

As provided in the Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

DAVID J. HICKTON
United States Attorney

By: *Mary McKeen Houghton*
MARY MCKEEN HOUGHTON
Assistant U.S. Attorney
PA Bar No. 31929

By: *Margaret E. Picking*
MARGARET E. PICKING
Assistant U.S. Attorney
PA Bar No. 28942